09-4589-pr
Ladd v. Thibault

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of December, two thousand ten.

PRESENT:

> DENNIS JACOBS,
> *Chief Judge,*
> AMALYA L. KEARSE,
> CHESTER J. STRAUB,
> *Circuit Judges.*

————————————————————————————————————————

EUGENE F. LADD,

> *Plaintiff-Appellant,*

v.                                      09-4589-pr

DEBORAH THIBAULT, District Manager, Burlington Community Correctional Service Center, PAUL HEATH, Assistant District Manager, Burlington Community Correctional Service Center, RICHARD PLANK, CCO/CCFS, Burlington Community Correctional Service Center, JAY SIMONS, Superintendent, Chittenden Regional Correctional Facility, SUSAN BLAIR, Acting Superintendent,

Chittenden Regional Correctional Facility, GREG HALE, CWS/Probation & Parole Officer, Burlington Community Correctional Service Center, KRISTIN PRIOR, Victim Services Coordinator, Vermont Department of Corrections, JACQUELINE KOTKIN, Field Services Executive, Vermont Department of Corrections, Central Office, RAYMOND FLUM, Director of Classification, Vermont Department of Corrections, Central Office, DOMINIC DAMATO, Supervising Officer of Security, Southern State Correctional Facility, MICHAEL O'MALLEY, Acting Superintendent, Southern State Correctional Facility,

       *Defendants-Appellees.*

_____

FOR APPELLANT:        Eugene F. Ladd, *pro se*, Beattyville, KY.

FOR APPELLEES:        David McLean, Assistant Attorney General, for William H. Sorrell, Attorney General for the State of Vermont, Waterbury, VT.


Appeal from a judgment of the United States District Court for the District of Vermont (Murtha, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant Eugene F. Ladd, *pro se* and incarcerated, appeals the district court's judgment dismissing his 42 U.S.C. § 1983 complaint, which alleged that the Defendants violated his due process rights under the Fourteenth Amendment incident to the revocation of his furlough or

2

conditional re-entry ("CR") status.[1]  In relevant part, the district court held that the Defendants were entitled to qualified immunity as to Ladd's claims for damages against them in their individual capacities, because it was not clearly established as of 2005--the date of the relevant events in this case--that an inmate in Vermont had a protected liberty interest in remaining on CR.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's resolution of a qualified immunity issue on a motion to dismiss *de novo*, accepting as true all the material allegations of the complaint and drawing all reasonable inferences in the plaintiff's favor. *See Pena v. DePrisco*, 432 F.3d 98, 107 (2d Cir. 2005). "Government actors have qualified immunity to § 1983 claims 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Bolmer v. Oliveira*, 594 F.3d 134, 141 (2d Cir. 2010) (quoting *Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 432 (2d Cir. 2009)).  Thus, "[a] qualified immunity defense is established if (a) the defendant's action did not violate clearly established law, or (b) it was objectively reasonable for the defendant to believe that his action did not violate such law." *Salim v. Proulx*, 93 F.3d 86, 89 (2d Cir. 1996).

Where it is not obvious that the alleged Constitutional right existed, we may exercise our discretion and "initially evaluate whether the constitutional right asserted . . . was clearly established during the relevant period," and, "[o]nly if the right was clearly established will we then consider whether the facts . . . alleged make out a violation of a constitutional right." *Dean v. Blumenthal*, 577 F.3d 60, 68 (2d Cir. 2009); *see Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).

---

[1] Our review of the record reveals that, because the district court revoked Ladd's *in forma pauperis* ("IFP") status when it granted the Defendants' motion to dismiss, he lacks this status on appeal.  For this reason, we GRANT his motion for IFP.

"To determine whether a right is clearly established, we look to (1) whether the right was defined with reasonable specificity; (2) whether Supreme Court or court of appeals case law supports the existence of the right in question[;] and (3) whether under preexisting law a reasonable defendant would have understood that his or her acts were unlawful." *Scott v. Fischer*, 616 F.3d 100, 105 (2d Cir. 2010). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton,* 483 U.S. 635, 640 (1987).

It appears that no court has ever concluded that Vermont's CR program vests an inmate with a constitutionally protected liberty interest. The Vermont Supreme Court held that an inmate's "status under furlough more closely resembles that of an inmate seeking a particular right or status within an institution, rather than that of a parolee," and "no liberty interest in furlough status may be asserted directly under the United States Constitution." *Conway v. Cumming*, 636 A.2d 735, 736-37 (Vt. 1993); *see State v. Greene,* 782 A.2d 1163, 1166-67 (Vt. 2001) (citing *Conway* for the rule that Vermont's furlough program does not create a constitutionally protected liberty interest); *Parker v. Gorczyk*, 744 A.2d 410, 417 (Vt. 1999) (referencing *Conway*'s discussion of the "qualitative difference between prisoners' interest in release from parole as opposed to furlough").

Nevertheless, we are "obligat[ed] to determine [a plaintiff's] due process rights under the federal Constitution for ourselves." *Holcomb v. Lykens*, 337 F.3d 217, 222 n.5. (2d Cir. 2003). We have not considered this Vermont CR program and have considered a similar Vermont program only in one prior decision, *Holcomb*, in which we declined to consider whether in fact an inmate's furlough status gives rise to a protected liberty interest. *See id.* at 223. *Holcomb* therefore does not assist Ladd. The Supreme Court's decision in *Young v. Harper*, which concerned Oklahoma's conditional release program, engaged in a detailed factual analysis of that program before concluding that it created a constitutionally protected liberty interest. The nature of the conditional release program in *Young* and the Supreme Court's analysis of it would not

4

compel a reasonable official in the Defendants' position to understand that his actions were unlawful. *See* 520 U.S. 143, 149-52 (1997). Therefore, Ladd's asserted liberty interest was not clearly established at the time of the relevant events described in his complaint. The district court correctly determined that the Defendants were entitled to qualified immunity as to all of Ladd's claims for damages.

We have considered all of Ladd's remaining claims of error and found them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK